In re Guardianship of Sanderson: The State, ex rel. Ellsworth, Gdn., Appellant, *v.* Perry, Appellee.

(Decided January 8, 1940.)

*Messrs. Motz & Morris,* for appellant.
*Mr. C. T. Moore,* for appellee.

Doyle, J. Suit was brought in the Probate Court of Summit county on July 7, 1938, by Lloyd E. Ellsworth, guardian of William Sanderson, an incompetent person, against Roy Perry, wherein it was charged in a complaint, brought under authority of Section 10506-67, General Code, that complainant "has good reason to and does suspect that Roy Perry has wrongfully in his possession, concealed, embezzled or conveyed away, moneys, goods, chattels, things in action, or effects of said William Sanderson, an incompetent." Pursuant to the filing of the complaint, Perry was cited to appear forthwith for examination under oath touching the matters charged.

The Probate Court thereupon, after a hearing in which no witnesses were examined, and solely upon the

statements of counsel and a stipulation of fact, entered an order adjudging that Perry had in his possession certain assets belonging to the ward, Sanderson, and ordered him to immediately assign and deliver them to the guardian, Ellsworth.

It appears in the bill of exceptions that counsel for the guardian, Ellsworth, stated to the court that certain assets had been transferred from Sanderson to Perry; that the transfer was without consideration; and that at the time of the transfer Sanderson was an incompetent person.

Counsel for Perry stated to the court that, prior to the appointment of the guardian, certain documents evidencing choses in action had been transferred by Sanderson to Perry by written assignment and endorsement as well as manual delivery, and that Sanderson had created a trust which Perry had entered into and was carrying out in accordance with Sanderson's instructions.

The court thereupon instructed counsel for Perry that it was his duty to establish by evidence the trust relationship, and ruled that, unless such relationship was proved, an order to restore the property would be made. Counsel for Perry, proceeding upon the theory that the court lacked jurisdiction to determine questions of title relating to the claimed assets, and that the guardian had mistaken his remedy, and further that the guardian had not made a case under the statute, rested. Whereupon the court entered the order requiring Perry to turn over to the guardian "the assets in his possession."

Appeal was perfected to the Court of Common Pleas in the case for trial *de novo,* and there was likewise filed an assignment of errors and a bill of exceptions. The cause was then heard in the Court of Common Pleas as an error proceeding, which court reversed the judgment of the Probate Court and rendered final

judgment by a dismissal of the complaint of the guardian.

From this judgment of the Court of Common Pleas, appeal has been perfected to this court on questions of law.

The jurisdiction of the Court of Common Pleas to consider the appeal as upon error is challenged by the appellant.

It seems apparent from an analysis of the provisions of the General Code that the Court of Common Pleas possessed jurisdiction of the subject-matter of the controversy. Such jurisdiction was expressly conferred by Section 10501-56, General Code (procedure in Probate Court), as it existed immediately prior to its last amendment, effective June 26, 1939. The Code there provided for appeal to the Court of Common Pleas for trial "in the same manner as though the court of common pleas had original jurisdiction thereof." (This appeal to the Court of Common Pleas was perfected prior to June 26, 1939, *supra.*)

There was no provision, however, for an appeal to the Court of Common Pleas from the Probate Court for a review as on error.

After the perfecting of the appeal to the Court of Common Pleas by complying with Section 10501-56 *et seq.*, General Code, the case was heard, as heretofore stated, as an error proceeding, on the bill of exceptions and other original papers, and a transcript of the docket entries. Judgment was rendered following this hearing. No objection was interposed by any of the parties to the manner of procedure, and objection is made for the first time in this court.

We are of the opinion that this objection is answered, at least by analogy, by the pronouncement in *Drake et al., Trustees, v. Tucker,* 83 Ohio St., 97, 93 N. E., 534, and a line of cases decided subsequent thereto. Where the proper steps have been taken to appeal a cause from the Probate Court to the Court of Common Pleas,

180

which court has jurisdiction of the subject-matter of the action and the parties, and the cause proceeds to trial without objection as a proceeding in error, rather than as a trial *de novo,* as provided by statute, the losing party cannot challenge the jurisdiction of the Court of Common Pleas for the first time in the Court of Appeals, after submitting without objection to a trial on error in the Court of Common Pleas.

We hold, therefore, that, under the circumstances, the jurisdiction of the Court of Common Pleas cannot be successfully challenged here.

The appellee in this court, the defendant in the Probate Court, has challenged the right of the Probate Court to determine the question of title to the property in controversy.

Section 10506-67, General Code, provides:

"Upon complaint made to the probate court or common pleas court of any county by a fiduciary, creditor, devisee, legatee, heir or other person interested in the trust estate, or by the creditor of any devisee, legatee, heir, or other person interested in the trust estate, against the fiduciary or any other person suspected of having concealed, embezzled or conveyed away or of being or having been in the possession of any moneys, goods, chattels, things in action, or effects of such estate, said court shall cite the person so suspected forthwith to appear before it to be examined, on oath, touching the matter of the complaint. The probate court shall also have power to initiate proceedings on its own motion."

This statute was enacted in 1932, and by its terms changed the existing law so as to include guardians of incompetent persons as well as executors and administrators. It was also changed so as to permit the Probate Court to institute such proceedings on its own motion.

The words in the statute, "or of being or having been in the possession of any moneys, goods," are new.

Likewise is the part of Section 10506-73, General Code, which provides that "the court shall have authority to cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed or held in possession, and at such hearing'shall have authority to hear and determine *questions of title relating to such assets.*" (Italics ours.)

Having in mind the various changes made in the Probate Code by the enactment of 1932, we are of the opinion that the various statutes referred to heretofore, now permit an entirely different construction than was possible under the statutes before amendment. It is our opinion that the Legislature intended, in enacting these and allied sections of the Probate Code, to extend the jurisdiction of the Probate Court to matters closely connected with the administration of estates of deceased persons, guardians, and kindred matters, and that, in connection therewith, it was intended that the Probate Court should be given the power to try questions of title to documents evidencing choses in action of the kind involved in this controversy, which power it did not have under decisions rendered prior to the amendment of the statutes. And it would seem that one of the primary purposes in amending the statutes in the adopted language was to accomplish this result.

The General Code provisions immediately following Section 10506-67, General Code, provide for the procedure of trial. They provide that the person cited shall be examined, and that the questions and answers shall be reduced to writing, signed by the party examined and filed in the court. Provision is likewise made for the calling of other witnesses to testify on matters touching the issues in controversy and that each witness shall likewise sign a transcript of his testimony after its reduction to writing. This evidence must be filed with the court.

The statutes as amended contemplate something

more than a summary proceeding; they provide for a trial of the issues as presented by the complaint, in accordance with the law governing trials, except in so far as modified by the express provisions of the Probate Code.

We are of the opinion that, from the record in the instant case, the defendant, Perry, was not accorded a trial as contemplated by the provisions of the Probate Code which give the Probate Court jurisdiction to try the title to choses in action.

The judgment of the Common Pleas Court is affirmed in so far as it reversed the judgment of the Probate Court, and is reversed in so far as it rendered final judgment for the defendant, Perry, and the cause is remanded to the Probate Court with instructions to proceed to trial in accordance with the provisions of Section 10506-67 *et seq.*, General Code.

*Judgment affirmed in part and reversed in part.*

WASHBURN, P. J., and STEVENS, J., concur.